UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bonnie Jean Birr, for herself
and all others similarly situated,

    Plaintiff,

v.

Amica Mutual Insurance Co.,

    Defendant.

Case No.: 1:08cv124

Judge Michael R. Barrett
Magistrate Judge Stephanie K. Bowman

## REPORT AND RECOMMENDATION

On March 10, 2011, Plaintiff filed a "Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and Award of Attorneys' fees, Expenses, and Class Representative Incentive" ("Class Counsel's Application for Fees"). (Doc. 34). No party opposes the Motion made pursuant to Federal Rules of Civil Procedure 23(e).

Pursuant to local practice, the motion has been referred to the undersigned for initial consideration and a Report and Recommendation. On March 15, 2011, the undersigned held a final settlement approval hearing and considered the pending motion. Appearing at the hearing on behalf of Plaintiff and the Settlement Class was Mark Lewis and Dan Moore, of the law firms Kitrick Lewis & Harris Co., L.P.A. and The Moore Law Firm, L.P.A. ("Class Counsel") and appearing on behalf of Defendant Amica Mutual Insurance Company was G. Franklin McKnight of the law firm of Nelson Levine de Luca and Horst, LLC. Plaintiff Bonnie Jean Birr was also in attendance.

The Motion for Final Approval requests (a) certification of the class for settlement purposes only; (b) final approval of the Proposed Settlement preliminarily approved by Judge Barrett on September 15, 2010, and memorialized in the Settlement Agreement;

and (c) dismissal with prejudice of Plaintiff's and Settlement Class Members' claims against Defendant Amica Mutual Insurance Company and its affiliates and related companies. Class Counsel's Application for Fees requests that this Court award attorney's fees and reimbursement of expenses in connection with this Action as well as an incentive award to the named Plaintiff.

In connection with the Motion, the undersigned considered said pleadings, all exhibits and affidavits thereto, Plaintiff's Brief in Support of Motion for Final Approval of Settlement Agreement, all exhibits and attachments thereto, and argument of counsel. The undersigned finds as follows:

A. Plaintiff Bonnie Jean Birr and Defendant Amica Mutual Insurance Company, through their respective counsel, executed and filed a Settlement Agreement with the Court on September 9, 2010; and

B. The Settlement Agreement is hereby incorporated by reference in this Report and Recommendation and all terms defined in the Settlement Agreement will have the same meanings in this Report and Recommendation; and

C. Judge Barrett, on September 15, 2010, entered the Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Settlement Agreement, conditionally certifying, for settlement purposes only, this Action as a class action, and scheduling a hearing for March 15, 2011 at 1:30 PM ("Final Settlement Approval Hearing") (a) to determine with finality whether certification of the class for settlement purposes is appropriate; (b) to determine whether the Proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the

Court; (c) to determine whether a final judgment should be entered herein; (d) to consider Class Counsel's Application for Fees and Expenses; and (e) to determine whether the Class Representative is entitled to an incentive payment.

D.      The Claim Form and Individual Notice were mailed by the Claims Administrator by first-class mail, postage prepaid, on or about November 10, 2010 (the "Notice Date") to all potential Settlement Class Members whose names were ascertained by Amica Mutual Insurance Company through a search of its reasonably available electronic data at their last known address with address updating and verification where reasonably available, that an Internet website was established on which the Settlement Agreement and Individual Notice were posted and a toll-free telephone number established on or before the Notice Date; and

E.      The parties have satisfactorily demonstrated that such Claim Form and Individual Notice was mailed and that the website and toll-free telephone number were established in accordance with the terms of the Preliminary Approval Order; and

F.      In accordance with the date set forth in the Individual Notice and Settlement Agreement, the Final Settlement Approval Hearing was duly held before this Court on March 15, 2011; and

G.      At the Final Settlement Approval Hearing, the Court considered (a) whether certification for settlement purposes only was appropriate under Federal Rule of Civil Procedure 23; (b) the fairness, reasonableness and the adequacy of the Settlement Agreement; (c) the fairness and reasonableness of Class Counsel's application for attorneys' fees and expenses under applicable law; and (d) the entitlement of the Class Representative to an incentive payment; and

H.	At the Final Settlement Approval Hearing, the Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Settlement Agreement, Class Counsel's Application for Attorney's Fees and Expenses, and the incentive award to the Class Representative by considering not only the pleadings and arguments of Plaintiff, Class Counsel, and Defendant, but also by rigorously and independently evaluating the Settlement Agreement and Class Counsel's Application for Fees and Expenses and the incentive award to the Class Representative; and

I.	By performing this independent analysis of the Motion for Final Approval and Class Counsel's Application for Fees and Expenses and the incentive award to the Class Representative, the Court has considered and protected the interests of all absent Settlement Class Members under Federal Rule of Civil Procedure 23; and

J.	The Individual Notice advised Settlement Class Members of the method by which a Settlement Class Member could request exclusion from the Settlement and pursue an independent legal remedy against Amica and/or the Released Parties; and

K.	All Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against Amica and/or the Released Parties; and

L.	Any Settlement Class Member who failed to request exclusion under the terms of the Individual Notice voluntarily waived the right to pursue an independent remedy against Amica and/or the Released Parties; and

M.	The Individual Notice advised Settlement Class Members of the method by which a Settlement Class Member could file proper and valid objections and request to be heard at the Final Settlement Approval Hearing; and

N.	No Settlement Class Member who filed valid objections appeared and

4

requested to be heard at the Final Settlement Approval Hearing;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Motion for Final Approval and Class Counsel's Application for Fees and Expenses, and having reviewed and considered the files and records herein, and all other evidence submitted, **FINDS and RECOMMENDS** that the District Judge adopt the following:

1. The definitions and terms set forth in the Settlement Agreement are hereby adopted and incorporated into this Order.

2. The Court has jurisdiction over the subject matter of this Action, the Parties, and Settlement Class Members.

3. On or about September 9, 2010 Plaintiff and Amica Mutual Insurance Company applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support of that application, Plaintiff submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the names of potential Settlement Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Settlement Agreement, and evidence regarding the fairness, reasonableness and adequacy of Class Counsel's Application for Attorneys' Fees and Expenses and the Class Representative Incentive Payment. In support of the Motion for Final Approval, Plaintiff submitted a Brief in Support of Motion for Final Approval, setting forth extensive argument and authority along with various Exhibits attached thereto.

4. Plaintiff offered into evidence the following: the Settlement Agreement and

all Exhibits thereto, all Exhibits attached to the Motion for Final Approval, all Exhibits attached to Plaintiff's Brief in Support of Motion for Final Approval, and all Exhibits attached to Class Counsel's Application for Fees and Expenses and the Class Representative Incentive Payment. The Court admitted such Exhibits into evidence for all purposes.

5. As part of its Preliminary Approval Order, the Court certified for settlement purposes a Settlement Class defined as follows:

(a) All Amica personal auto policy insureds in Ohio who made a claim between January 1, 1997 and the date of Preliminary Approval of this Settlement Agreement whose Med-Pay claims have been denied by Amica solely on the basis that other applicable Health Insurance has paid all or part of the same Medical Expenses.

(b) Excluded from the class are the Amica Entities, all present or former officers and/or directors of the Amica Entities, Class Counsel, the Judge of this Court, the Judge's family, Amica's counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class in accordance with the provisions of the Individual Notice.

6. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Order and Judgment and certifies this action, for settlement purposes only, as a class action. In so doing, the Court finds, for settlement purposes only, that the action meets all the requirements of Rule 23 of the Federal Rules Civil Procedure and due process and can therefore be certified as a class action, because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact that are common to the Settlement Class and predominate over any individual questions; (3) the claims of the representative Plaintiff are typical of the claims of the Settlement Class; (4) the representative Plaintiff, Bonnie Jean Birr, and Class Counsel, Mark Lewis, Don Moore, and Dan Moore, of the law firms Kitrick Lewis & Harris

Co., L.P.A. and The Moore Law Firm, L.P.A. will fairly and adequately protect the interests of the Settlement Class; (5) the common issues predominate; and (6) a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.  Plaintiff and Defendant have entered into the Settlement Agreement, which has been filed with the Court and is incorporated herein by reference. The Settlement Agreement provides for the settlement of this action on behalf of the representative Plaintiff and the members of the Settlement Class, subject to final approval by the Court. The Settlement Agreement provides that, in exchange for the releases described in the Settlement Agreement and this Final Order and Judgment, Defendant shall provide a total Settlement Consideration consisting of (a) cash payments to all qualifying members of the Settlement Class, (b) an amount not to exceed Eighty-One Thousand Six-Hundred Dollars ($81,600) in attorney's fees, costs, and expenses; (c) an incentive payment to the Class Representative of Five-Thousand Dollars ($5,000); and (d) Amica Mutual Insurance Company's agreement to pay notice and administration costs.

8.  Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice by mail and the posting of the Settlement Agreement and the Individual Notice on a website was the best notice practicable under the circumstances to all members of the Settlement Class. Accordingly, the Individual Notice by mail and the posting of the Settlement Agreement and the Individual Notice on a website are finally approved as fair, reasonable and adequate. The Court finds and concludes that due and adequate notice of the pendency of this action and of the Settlement Agreement has been provided to members of the Settlement Class,

7

and the Court further finds and concludes that the notice program described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the United States Constitution.

9. The evidence before the Court clearly supports a finding that the Settlement Agreement was entered into in good faith between Plaintiff Bonnie Jean Birr and Amica Mutual Insurance Company.

10. The Court finds that the Settlement Agreement is the result of a good-faith arm's length negotiation by the parties hereto. In addition, the Court finds that approval of the Settlement Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement Agreement is within the range of possible settlements suitable for final approval as fair, just, equitable, reasonable and in the best interest of the Settlement Class based on discovery, due diligence, and the absence of material objections.

11. The settlement of the action on the terms and conditions set forth in the Settlement Agreement is approved and confirmed in all respects as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23, and is in the best interest of the Settlement Class and Settlement Class Members, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result through pre-trial proceedings, class certification proceedings, trial, and appeals.

12. The Court finds that Class Counsel Mark Lewis, Don Moore, and Dan

Moore, of the law firms Kitrick Lewis & Harris Co., L.P.A. and The Moore Law Firm, L.P.A., have fairly and adequately represented the interests of the Settlement Class and satisfied the requirements of Federal Rule of Civil Procedure 23.

13. Timely requests for exclusion were submitted by one (1) potential member of the Settlement Class and that potential Settlement Class Member (identified in Exhibit 1 hereto) is excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Settlement Agreement embodied therein, including the releases provided for in the Settlement Agreement and this Final Order and Judgment.

14. All provisions and terms of the Settlement Agreement are hereby finally approved in all respects. The parties to the Settlement Agreement are hereby directed to consummate the Settlement Agreement in accordance with its terms.

15. This action is dismissed in its entirety on the merits, with prejudice and without leave to amend, and all members of the Settlement Class are forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on the Released Claims against the Released Parties, as provided for in the Settlement Agreement.

16. The Court adopts Class Counsel's Application for attorneys' fees and expenses to support the Court's award of $66,000 for attorneys' fees and $14,746.53 in expenses, for a total of $80,746.53.  The Court also approves an incentive award to named Plaintiff, Bonnie Jean Birr, in an amount of $5,000.00, in addition to her Settlement

Distribution Payment. Amica Mutual Insurance Company shall pay such fees and expenses and incentive award pursuant to the terms of the Settlement Agreement.

17. The Court appoints Jack Penders as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Settlement Agreement. The Neutral Evaluator shall be discharged upon the Court's approval of the Final Report of Distribution. Neither Plaintiff, nor Amica Mutual Insurance Company, nor the parties' counsel shall be liable for any act or omission of the Neutral Evaluator.

18. As soon as reasonably possible after the completion of all payments to Settlement Class Members eligible for payment pursuant to the Settlement Agreement, the parties shall file with the Court a final report (together with a proposed order approving such report and discharging the Neutral Evaluator) indicating that distribution in accordance with the terms of the Settlement Agreement and the Court's prior Orders has been completed.

19. The Court shall have exclusive jurisdiction and authority to administer, interpret, and enforce the terms of the Settlement Agreement, and to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative, or otherwise, which may be instituted by any Person, individually or derivatively, with respect to the Settlement Agreement. Each Settlement Class Member who has not opted-out of the Settlement Agreement shall submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Ohio, Western Division for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement and/or the negotiation, performance or breach of the Settlement Agreement.

20. Without in any way affecting the finality of this Final Order and Judgment,

this Court shall retain continuing jurisdiction over this Action for purposes of:

>   (a)   Enforcing the Settlement Agreement and the Proposed Settlement;
>
>   (b)   Hearing and determining any application by any party to the Settlement Agreement for a settlement bar order; and
>
>   (c)   Any other matters related or ancillary to any of the foregoing.

For the reasons explained herein, **IT IS RECOMMENDED THAT** the findings above be adopted and Plaintiff's Motion for Final Approval of Class Action Settlement and Award of Attorneys' fees (Doc. 34) be GRANTED, and that this case be closed.

>   */s/ Stephanie K. Bowman*
>   United States Magistrate Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bonnie Jean Birr, for herself
and all others similarly situated,

    Plaintiff,

v.

Amica Mutual Insurance Co.,

    Defendant.

Case No.: 1:08cv124

Judge Michael R. Barrett
Magistrate Judge Stephanie K. Bowman

## EXHIBIT 1 REQUESTS FOR EXCLUSION

| Name | Address |
|---|---|
| Lois Gettelman | 2324 Madison Rd., Apt. 907, Cincinnati, OH 45208 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bonnie Jean Birr, for herself
and all others similarly situated,

    Plaintiff,

v.

Amica Mutual Insurance Co.,

    Defendant.

Case No.: 1:08cv124

Judge Michael R. Barrett
Magistrate Judge Stephanie K. Bowman

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13